No. 755

HARRISON BLDG. CO. v. MASTOS

Ohio Appeals, 6th Dist., Lucas Co.

No. 1556. Decided June 22, 1925

703. LANDLORD AND TENANT—Court in charging to the effect that monthly rental was divisible committed prejudicial error.

707. LEASE—Defense of surrender of, requires trial judge to accurately and clearly

explain to jury all the elements involved in a surrender.

WILLIAMS, J.

The original action was commenced in the Toledo Municipal Court by the Harrison Bldg. Co., against Louis Mastos. Upon final judgment an appeals was taken to the Lucas Common Pleas where issues were joined upon new pleadings filed.

The Building Company's petition was based upon a written lease of a room and basement for five years beginning Jan. 1923 upon an agreed rental of $250 per month, payable in advance on the first of each month. It was alleged that the rental was paid to the first day of October, 1923, but that the rent due and payable on said day was wholly unpaid. A prayer for judgment in the sum of $250 with interest, concluded the petition.

Mastos answered and did not deny the allegations of the petition but plead a surrender of the premises. The jury returned a verdict for the Building Company for $17. Error was prosecuted to the Court of Appeals and it was contended that the verdict was against the weight of the evidence and that the court erred in its charge to the jury. The Court judicial error.

3. The surrender of a term does not effect the discharge of the tenant from rent which has already accrued and becomes payable even though the rent was payable in advance for a period beyond the time of surrender.

4. The defense of surrender required the trial judge to clearly and accurately state and explain to the jury all the elements involved in a surrender.

5. The part of the charge touching the vacation of the premises by Mastos, is misleading in that the jury is lead to believe that a verbal agreement to vacate, followed by an actual vacation of the premises before the 1st of October, would amount to a surrender of the premises even though there was no yielding up of possession to the lessor. To so charge was prejudicial error.

Judgment reversed and cause remanded.

Attorneys—Ritter & Schminck for Company; M. B. McCarthy for Mastos; all of Toledo. held:

1. The jury found that the company was entitled to recover, but did not allow it the full monthly rental for the month of October. If the Company was entitled to recover at all it was entitled to recover the rent for the full month, amounting to $250 and interest. The verdict is manifestly against the evidence.

2. In returning the verdict for less than the full monthly rental it is probable that the

jury followed the instructions of the court to the effect that the monthly rental was divisible. The court in so charging, committed pre-